

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUSAN WYATT | : | |
| **Plaintiff,** | : | Civil Action No. CV-04-AR-1230-S |
| | : | |
| vs. | : | |
| | : | |
| MATRIXX INITIATIVES, et al | : | |
| **Defendants.** | : | |

# ANSWER
## Of DEFENDANT CVS PHARMACY, INC.

     NOW COMES defendant CVS Pharmacy Inc. (improperly identified in the Complaint as CVS Pharmacy Corporation), by and through counsel, HUIE, FERNAMBUCQ AND STEWART, LLP, and for its answer to plaintiff's Complaint hereby states as follows:

### THE PARTIES

     1.    Defendant is without sufficient information to for a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's Complaint.

     2.    Defendant is without sufficient information to for a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's Complaint.

     3.    Defendant is without sufficient information to for a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's Complaint.

     4.    Defendant admits the allegations contained in paragraph 4 of the plaintiff's Complaint.

### JURISDICTION

     5.    The defendant denies the allegations contained in paragraph 5 of the plaintiff's Complaint.

     6.    Defendant denies the allegations contained in paragraph 6 of the plaintiff's Complaint.

H0845262.1

## FACTUAL ALLEGATIONS

7.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 7 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

8.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 8 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

9.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 9 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 10 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 11 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

12. The allegations contained in paragraph 12 of plaintiff's Complaint are not directed at this defendant and, accordingly, no response is required of this defendant. Defendant denies the allegations contained in paragraph 12 to the extent that they imply negligence, contractual, or other liability on this defendant.

13. Defendant denies the allegations contained in paragraph 13 of the plaintiff's Complaint.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 14 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

### FIRST COUNT: Negligence and/or Wantonness

15. Defendant denies the allegations contained in paragraph 15 of the plaintiff's Complaint.

    **16.**    Defendant denies the allegations contained in paragraph 16 of the plaintiff's Complaint.

    **17.**    Defendant denies the allegations contained in paragraph 17 of the plaintiff's Complaint.

    **18.**    Defendant denies the allegations contained in paragraph 18 of the plaintiff's Complaint.

    **19.**    Defendant denies the allegations contained in paragraph 19 of the plaintiff's Complaint.

### SECOND COUNT: Failure to Warn

    **20.**    Defendant denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

    **21.**    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 21 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

    **22.**    The allegations contained in paragraph 22 of plaintiff's Complaint are not directed at this defendant and, accordingly, no response is required of this defendant. Defendant denies the allegations contained in paragraph 22 to the extent that they imply negligence, contractual, or other liability on this defendant.

    **23.**    Defendant denies the allegations contained in paragraph 23 of the plaintiff's Complaint.

### THIRD COUNT: Alabama Extended Manufacturer Liability Doctrine

    **24.**    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 24 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

    **25.**    Defendant denies the allegations contained in paragraph 25 of the plaintiff's Complaint.

    **26.**    Defendant denies the allegations contained in paragraph 26 of the plaintiff's Complaint.

H0845262.1

### FOURTH COUNT: Breach of Implied Warranty of Merchantability

27. Defendant denies the allegations contained in paragraph 27 of the plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the plaintiff's Complaint.

### FIFTH COUNT: Breach of Warranty of Fitness for a Particular Purpose

31. Defendant denies the allegations contained in paragraph 31 of the plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the plaintiff's Complaint.

### SIXTH COUNT: Fraud/Deceit/Misrepresentation/Suppression

34. Defendant denies the allegations contained in paragraph 34 of the plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the plaintiff's Complaint.

H0845262.1

**40.**    Defendant denies the allegations contained in paragraph 40 of the plaintiff's Complaint.

## FICTITIOUS PARTIES

**41.**    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 41 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

**42.**    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 42 of plaintiff's Complaint. Defendant denies the allegations contained in paragraph 42 of the Complaint to the extent that they imply contractual, negligence, or other liability on this Defendant.

## DAMAGES

**43.**    Defendant denies the allegations contained in paragraph 43 of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a cause of action upon which relief may be granted. CVS Pharmacy, Inc. is named in the Summons, but is not named as a defendant in the body or style of the Complaint.

### Second Defense

Defendant denies each and every material allegation of the plaintiff's Complaint and demands strict proof thereof.

### Third Defense

The plaintiff has not sustained any injuries as a result of the acts or omissions of this Defendant.

### Fourth Defense

Defendant pleads the doctrine of assumption of risk and contributory negligence.

### Fifth Defense

One or more of the plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Sixth Defense

Defendant did not participate in, authorize, or benefit from any of the acts that are asserted in the Complaint as a basis for liability.

### Seventh Defense

If the plaintiff sustained any damages as alleged in the Complaint, the same resulted in whole or in part from an intervening cause and/or causes, and any action on the part of this Defendant was not the proximate and/or competent producing cause of Plaintiff's alleged injuries.

### Eighth Defense

Upon information and belief, each item of economic or special damage loss alleged in the Complaint was, with reasonable certainty would be, replaced or indemnified, in whole or in part by a collateral source.

### Ninth Defense

Defendant pleads the application of §6-11-20 and/or §6-11-30, ALABAMA CODE.

### Tenth Defense

Plaintiff is not entitled to punitive damages from Defendant pursuant to facts alleged in Plaintiff's Complaint.

### Eleventh Defense

Any award of punitive damage in this case is subject to the limitations established by the Alabama Legislature and as set forth in §6-11-21, CODE OF ALABAMA (1999).

### Twelfth Defense

Plaintiff's claims are subject to limitations and protections of §6-11-27, ALABAMA CODE.

### Thirteenth Defense

The claims for punitive damages alleged in the Complaint are barred by the absence under Alabama law of an appropriate standard of sufficient clarity for a jury to determine the appropriateness of an award of punitive damages and/or the amount thereof in violation of this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Fourteenth Defense

The plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, §6, the Alabama Constitution.

### Fifteenth Defense

The plaintiff's claim for punitive damages against Defendant cannot be sustained, because of an award of punitive damages by a jury under Alabama law has not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Sixteenth Defense

The plaintiff's claim for punitive damages cannot be sustained because of an award of punitive damages under Alabama law is by a jury not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Seventeenth Defense

The plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Eighteenth Defense

The plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Nineteenth Defense

The plaintiff's claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law by a jury is not subject to judicial review on the basis of the objective standards and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### Twentieth Defense

Defendant asserts and incorporates by reference all standards or limitations regarding the determination and enforceability of punitive damages set out by the United States Supreme Court in BMW of North America v. Gore.

### Twenty First Defense

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate State interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States Constitution and Article I, §§1, 6, and 22 of the Constitution of the State of Alabama.

### Twenty Second Defense

The plaintiff's injuries, if any, are attributable to causes other than the acts and/or omissions of this defendant and are reasonably capable of being apportioned amongst the causes pursuant to Restatement (Second) of Torts §433A. The plaintiff's recovery against defendant, if any, must be denied for injuries not attributable to this defendant.

### Twenty Third Defense

The plaintiff's damages, if any, are attributable to conditions, pre-existing, or otherwise, said damages are reasonably capable of being apportioned amongst the various conditions and the damages caused by this defendant pursuant to the Restatement (Second) of Torts §433A. The plaintiff's recovery against the defendant for these other conditions, pre-existing, or otherwise, must be denied.

### Twenty Fourth Defense

The injuries complained of by plaintiff were caused by persons for whom the defendant was not legally responsible.

### Twenty Sixth Defense

Plaintiff's claims are barred, in whole or in part, by her failure to provide defendant with reasonable notice of her claims.

### Twenty Seventh Defense

Plaintiff's claims are barred, in whole or in part, by plaintiff's misuse of the product.

### Twenty Eighth Defense

CVS Pharmacy, Inc. has not been served with a Complaint that asserts any claims against it.

WHEREFORE, defendant prays that this Honorable Court dismiss plaintiff's Complaint with prejudice and that judgment be entered on behalf of defendants as to all counts of plaintiff's Complaint and that defendant be awarded its costs and attorneys' fees herein.

### DEMAND FOR JURY TRIAL

Defendant by and through its attorneys, hereby demands trial by jury in this cause of action.

Respectfully submitted,

Defendant, CVS Pharmacy, Inc.
By and Through its Attorneys,
HUIE, FERNAMBUCQ AND STEWART, LLP

J. Allen Sydnor, Jr.          (SYD006517)
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Highway 280 South
Suite 200
Birmingham, AL 35223-2484
(205) 251-1193

H0845262.1

## Certificate of Service

I hereby certify that on the 7th day of July, 2004, I mailed a copy of the within *ANSWER* to the following counsel of record:

>Scott A. Powell, Esquire
>Don McKenna, Esquire
>HARE, WYNN, NEWELL & NEWTON
>2025 Third Avenue North, Suite 800
>Birmingham, AL 35203

_____
OF COUNSEL