IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
SOUTHERN DIVISION

FILED
04 JUL 27 PM 2:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

SUSAN WYATT,

Plaintiff,

vs.

MATRIXX INITIATIVES, INC., et al.,

Defendants,

CIVIL ACTION NO.:
CV-2004-AR-1230-S

**ANSWER**

**COME NOW** the Defendants described as MATRIXX INITIATIVES, INC., a Delaware corporation, fka Gum Tech International, Inc., fka Nekros International Marketing, Inc.; and ZICAM, LLC, an Arizona limited liability company, fka Gel Tech, L.L.C. and (collectively referred to as "Defendants"), in the above-styled cause, by and through undersigned counsel, for their Answer to Plaintiff's Complaint states:

THE PARTIES

1. The averments and allegations of paragraph 1 of the Plaintiff's Complaint are legal and conclusory in nature, and therefore, do not require a response by the Defendants. To the extent that a response may be required, however, the Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph one of the Plaintiff's complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

2. The Defendants admit the allegations of paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the allegations of paragraph 3 of the Plaintiff's Complaint.

4. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph 4 of the Plaintiff's Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

JURISDICTION

5. The averments and allegations of paragraphs 5 and 6 of the Plaintiff's Complaint are legal and conclusory in nature, and therefore, do not require a response by the Defendants. To the extent that response may be required, however, the Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph 1 of the Plaintiff's complaint; accordingly the Defendants deny such averments and allegations and demand strict proof thereof.

FACTUAL ALLEGATIONS

6. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraphs 7 through 11 of the Plaintiff's Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

7. The Defendants deny the averments and allegations of paragraph 12 as stated. The Defendants admit that they were involved in the design of Zicam® Cold Remedy Nasal Gel, a patented, homeopathic remedy sold over-the-counter.

8. The averments and allegations contained in paragraph 13 are not directed against the Defendants. Therefore, they are not responded to.

9. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph 14 of the Plaintiff's

Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

**FIRST COUNT: Negligence and/or Wantonness**

10. The Defendants deny the averments and allegations of paragraph 15 of the Plaintiff's Complaint and demand strict proof thereof.

11. The Defendants deny the averments and allegations of paragraph 16 of the Plaintiff's Complaint and demand strict proof thereof.

12. The Defendants deny the averments and allegations of paragraph 17 of the Plaintiff's Complaint and demand strict proof thereof.

13. The Defendants deny the averments and allegations of paragraph 18 of the Plaintiff's Complaint and demand strict proof thereof.

14. The Defendants deny the averments and allegations of paragraph 19 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel or any act or failure to act by the Defendants.

**SECOND COUNT: Failure to Warn**

15. The Defendants deny the averments and allegations of paragraph 20 of the Plaintiff's Complaint and demand strict proof thereof.

16. The Defendants deny the averments and allegations of paragraph 21 of the Plaintiff's Complaint and demand strict proof thereof.

17. The Defendants deny the averments and allegations of paragraph 22 of the Plaintiff's Complaint and demand strict proof thereof.

18. The Defendants deny the averments and allegations of paragraph 23 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel or any act or failure to act by the Defendants.

**THIRD COUNT: Alabama Extended Manufacturers Liability Doctrine**

19. The Defendants admit that they were involved in the formulation of Zicam® Cold Remedy Nasal Gel, that Defendant Matrixx Initiatives, Inc. distributed the product, and that Defendant, Zicam, LLC sold the product. Otherwise, the Defendants deny the averments and allegations of paragraph 24 of the Plaintiff's Complaint and demand strict proof thereof.

20. The Defendants deny the averments and allegations of paragraph 25 of the Plaintiff's Complaint and demand strict proof thereof.

21. The Defendants deny the averments and allegations of paragraph 26 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel, or any act or failure to act by the Defendants.

**FOURTH COUNT: Breach of Implied Warranty of Merchantability**

22. The averments and allegations of paragraph 27 of the Plaintiff's Complaint are legal and conclusory in nature and therefore do not require a response by the Defendants. To the extent that a response may be required, however, the Defendants admit that Zicam® Cold Remedy Nasal Gel, is safe, of merchantable quality, and fit and in proper condition for its ordinary and intended use.

23. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph 28 of the Plaintiff's Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

24. The Defendant denies the averments and allegations of paragraph 29 of the Plaintiff's Complaint and demand strict proof thereof.

25. The Defendants deny the averments and allegations of paragraph 30 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel or any act or failure to act by the Defendants.

**FIFTH COUNT: Breach of Warranty of Fitness for a Particular Purpose**

26. The averments and allegations of paragraph 31 of the Plaintiff's Complaint are legal and conclusory in nature, and therefore, do not require a response by Defendants. To the extent that a response may be required however, the Defendants admit that Zicam® Cold Remedy Nasal Gel is fit for the use and purpose for which it was designed and safe and suitable when used as directed.

27. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the averments and allegations of paragraph 32 of the Plaintiff's Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

28. The Defendants deny the averments and allegations of paragraph 33 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that they

Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel or any act or failure to act by the Defendants.

**SIXTH COUNT: Fraud/Deceit/Misrepresentation/Suppression**

29. The Defendants deny the averments and allegations of paragraph 34 of the Plaintiff's Complaint and demand strict proof thereof.

30. The Defendants deny the averments and allegations of paragraph 35 of the Plaintiff's Complaint and demand strict proof thereof.

31. The Defendants deny making any misrepresentations or suppressions as alleged in paragraph 36 of the Plaintiff's Complaint. The Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the remaining averments and allegations of paragraph 36 of the Plaintiff's Complaint; accordingly, the Defendants deny said averments and allegations and demand strict proof thereof.

32. The Defendants deny the averments and allegations of paragraph 37 of the Plaintiff's Complaint and demand strict proof thereof.

33. The averments and allegations of paragraph 38 of the Plaintiff's Complaint are legal and conclusory in nature, and therefore, do not require a response by the Defendants. To the extent that a response may be required, however, the Defendants deny that Zicam® Cold Remedy Nasal Gel, causes a total and permanent loss of taste and smell, and further deny the averments and allegations of paragraph 38 of the Plaintiff's Complaint and demand strict proof thereof.

34. The Defendants deny the averments and allegations of paragraph 39 of the Plaintiff's complaint and demand strict proof thereof.

35. The Defendants deny the averments and allegations of paragraph 40 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a direct and proximate result of her alleged use of Zicam® Cold Remedy Nasal Gel or any act or failure to act by the Defendants.

**FICTITIOUS PARTIES**

36. The averments and allegations contained in paragraphs 41 and 42 of the Complaint are not directed against the Defendants. Therefore, they are not responded to.

**DAMAGES**

37. The Defendants deny the averments and allegations of paragraph 43 of the Plaintiff's Complaint and demand strict proof thereof. Furthermore, the Defendants deny that the Plaintiff was injured or damaged as claimed as a proximate cause of Defendants conduct.

**GENERAL DENIAL**

38. The Defendants deny any and all averments and allegations of the Plaintiff's Complaint not expressly admitted herein.

39. The Defendants deny that they are guilty of any conduct, of any kind or nature whatsoever, that warrants the imposition of damages, compensatory or punitive, as alleged or at all.

40. The Defendants say that the Plaintiff's complaint fails to state a claim upon which relief can be granted as to the Defendants.

**SEPARATE, ALTERNATIVE, AND AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Defendants deny each and every other material averment and allegation of the Plaintiff's complaint and demand strict proof thereof.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state the claim for fraud, misrepresentation and suppression with particularity pursuant to Federal Rules of Civil Procedure

**THIRD DEFENSE**

The Defendants plead the general issue.

**FOURTH DEFENSE**

The Defendants deny any wrongdoing.

**FIFTH DEFENSE**

The Plaintiff was guilty of negligence on the occasion complained of which proximately caused or contributed to the injuries and damages complained of and the Defendants plead the defense of contributory negligence.

**SIXTH DEFENSE**

Plaintiff's alleged damages, if any, were caused by the actions and/or inaction of the Plaintiff, or another third party for whose acts, omissions and products the Defendants are not responsible or liable.

**SEVENTH DEFENSE**

The Plaintiff's claims herein are barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

The Defendants aver that the Plaintiff has failed to mitigate her alleged damages.

**NINTH DEFENSE**

The Defendants deny that they are guilty of negligence as alleged in the Plaintiff's Complaint and deny that any alleged negligence on their part proximately caused or contributed to the injuries and damages complained of by the Plaintiff.

**TENTH DEFENSE**

The Defendants deny that they are guilty of wantonness as alleged in the Plaintiff's Complaint and deny that any alleged wantonness on their part proximately caused or contributed to the injuries and damages complained by the Plaintiff.

**ELEVENTH DEFENSE**

The Defendants deny that there was any causal relationship or connection between any of their alleged activities and the injuries and damages complained of by the Plaintiff.

**TWELFTH DEFENSE**

The Defendants say that the injuries and damages complained of by the Plaintiff were the result of an "efficient intervening cause", and not proximately caused by any alleged negligence or wantonness on the part of the Defendants, and the Defendants plead "efficient intervening cause" as a defense in this case.

**THIRTEENTH DEFENSE**

The defendants plead the affirmative defense of "assumption of the risk".

**FOURTEENTH DEFENSE**

The Defendants say that all of the Plaintiff's medical expenses have been paid by the Plaintiff's medical insurance carrier(s), or by some other form of insurance, and that the Plaintiff is not entitled to recover said expenses pursuant to Alabama Act. 87-187.

**FIFTEENTH DEFENSE**

The Defendants deny that they are guilty of a violation of the Alabama Extended Manufacturer's Liability Doctrine, and further deny that the alleged damages described in the complaint were proximately caused by an alleged violation of the Alabama Extended Manufacturer's Liability Doctrine by the Defendants.

**SIXTEENTH DEFENSE**

The Defendants deny that they put into the stream of commerce a product that was defective or unreasonably dangerous under the conditions of foreseeability and intended use.

**SEVENTEENTH DEFENSE**

The Defendants say that the Plaintiff misused the product described in the complaint, and also that the product was being used in a manner other than intended.

**EIGHTEENTH DEFENSE**

The Defendants say that an award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendants under the Constitution of the State of Alabama.

**NINETEENTH DEFENSE**

The Defendants say that an award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendants under the Constitution of the United State of America.

**TWENTIETH DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendants under the Due Process

Clause of the Fourteenth Amendment to the Constitution of the United State of America in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY FIRST DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff in this cause would be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person should be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTY SECOND DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment tot he Constitution of the United States of American in that punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

**TWENTY THIRD DEFENSE**

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against the defendants punitive damages, which are penal in nature, yet compel the defendants to disclose potentially incriminating documents and evidence.

**TWENTY FOURTH DEFENSE**

It is violative of the Self-Incrimination Clause of Article I, Section 6 of the Constitution of the State of Alabama, to impose against the Defendants punitive damages, which are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

**TWENTY FIFTH DEFENSE**

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendants, which are penal in nature, by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**TWENTY SIXTH DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff in this case would be violative of the Eighth Amendment to the Constitution of the United States of America in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

**TWENTY SEVENTH DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff in this case would be violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States of America in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriated under the formula adopted by the Alabama Legislature in 1981 in §27-1-17, Code of Alabama (1975), as amended.

**TWENTY EIGHTH DEFENSE**

The Defendants say that the product may not have been in the same or substantially the same condition as when it left the hands of the Defendants, and that if the product had, in fact, undergone substantial change, alteration and/or modification after leaving the hands of the Defendants, these Defendants would not be liable to the Plaintiff.

**TWENTY NINTH DEFENSE**

The Defendants deny that they failed to provide clear and adequate instructions and warnings related to the product made the basis of this case.

**THIRTIETH DEFENSE**

The Defendants deny that the product in question was dangerous when used in a reasonable and foreseeable manner and for its intended use.

**THIRTY FIRST DEFENSE**

The Defendants deny that they breached any implied warranties to the Plaintiff, and further deny that any alleged breach of any alleged implied warranty on their part proximately caused the injuries and damages complained of by the Plaintiff as set forth in the Plaintiff's Complaint.

**THIRTY SECOND DEFENSE**

The Defendants deny that they received notice of any alleged breach of warranty as required by Section 7-2-607 of the Code of Alabama (1975 as amended) which is a condition precedent to the filing of a claim for breach of warranty, and Plaintiff's Complaint and her claim for alleged breach of warranty is barred accordingly.

**THIRTY THIRD DEFENSE**

The Defendants say that the punitive damage cap set forth in Section 6-11-21, Code of Alabama (1975) as amended, applies to the claims of the Plaintiff in this case and the Defendants plead the provisions of said Statute as a defense on their behalf.

**THIRTY FOURTH DEFENSE**

The Defendants plead the defenses and protections afforded pursuant to Sections 6-5-218 and 6-5-221, Code of Alabama (1975), as amended.

**THIRTY FIFTH DEFENSE**

The Defendants say that any award of punitive damages to the Plaintiff is limited by the holding of the United States Supreme Court in State farm Automobile Insurance Company v. Campbell, 2003 WL 1791206 (United States Supreme Court, April 7, 2003).

**THIRTY SIXTH DEFENSE**

The Defendants reserve the right to amend their answer as necessitated or warranted by discovery.

**THESE DEFENDANTS DEMAND A TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CAUSE.**

William A. Mudd
Attorney Code No.: MUD001

Attorney for the Defendants, Matrixx Initiatives, Inc., and Zicam, LLC

**OF COUNSEL:**

SADLER ❖ SULLIVAN, P.C.
2500 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203-5203
Tel: (205) 326-4166
Fax: (205) 263-7229

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the United States Mail, properly addressed and first-class postage prepaid on this the 27th day of July, 2004.

OF COUNSEL

ATTORNEYS OF RECORD:

Mr. Scott A. Powell
HARE, WYNN, NEWELL & NEWTON
2025 Third Avenue North
Suite 800
Birmingham, Alabama 35203
(205) 328-5330
(205) 324-2165 Fax

Mr. Don McKenna
HARE, WYNN, NEWELL & NEWTON
2025 Third Avenue North
Suite 800
Birmingham, Alabama 35203
(205) 328-5330
(205) 324-2165 Fax

Mr. Allen Sydnor
HUIE, FERNAMBUCQ
Three Protective Center
Suite 200
Highway 280 South
Birmingham, Alabama 35223
(205) 251-1193
(205) 251-1256 Fax